**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**
**Fax (410) 962-1812**

September 22, 2016

LETTER TO COUNSEL

RE: *Carl Turner v. Commissioner, Social Security Administration*;
Civil No. SAG-16-0017

Dear Counsel:

On January 5, 2016, Plaintiff Carl Turner petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Turner filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on February 6, 2012. (Tr. 198-204, 205-11). He alleged a disability onset date of February 10, 2011. *Id.* His claims were denied initially and on reconsideration. (Tr. 120-27, 130-33). A hearing was held on May 22, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 34-72). Following the hearing, the ALJ determined that Mr. Turner was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 16-33). The Appeals Council denied Mr. Turner's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Turner suffered from the severe impairments of "epilepsy, right shoulder degenerative joint disorder, and anxiety disorder." (Tr. 21). Despite these impairments, the ALJ determined that Mr. Turner retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with further limitations: he is unable to climb ladders, ropes and scaffolds, but is able to occasionally balance; the claimant is able to frequently, but not constantly reach with the right upper extremity, but he is unable to perform overhead reaching with the right upper extremity, which is the dominant hand; the claimant is unable to tolerate hazards such as unprotected heights and moving machinery; he is able to use commonsense understanding to perform instructions provided in oral, written or diagrammatic form consistent with a range of unskilled work at or below

reasoning level III as those terms are defined in the Dictionary of Occupational Titles.

(Tr. 23-24). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Turner could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 28).

Mr. Turner raises two primary arguments on appeal: (1) that the ALJ's holding runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (2) that the ALJ failed to properly evaluate pertinent evidence proffered by the consultative physician, Dr. Miller. Pl. Mot. 3-7. I concur that the ALJ's opinion is deficient under *Mascio*, and thus recommend remand to allow compliance with that decision. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Turner is not entitled to benefits is correct or incorrect.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id*. at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 et. seq., pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. at § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. § 404.1620a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. at § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. at § 12.00(C)(3). Social Security

regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id*.

In the instant case, the ALJ found Mr. Turner to have moderate limitations in maintaining concentration, persistence, or pace. (Tr. 23). The entirety of the analysis states, "At the consultative examination, the examining psychologist found [Mr. Turner] had reduced memory functions (Ex. 5F). However, [Mr. Turner's] treating neurologist consistently found [he] had intact memory, attention, and concentration to conversation (Ex. 2F, 4F). Furthermore, [Mr. Turner] acknowledged retaining sufficient functioning in this area to watch television, listen to music, apply for jobs on the internet, operate a car, and complete[] household chores." *Id*. According to 20 CFR § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 CFR § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific

> finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 CFR § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Mr. Turner's case suggests that the finding of "moderate difficulties" was based exclusively on the finding that the consultative psychologist found Mr. Turner had reduced memory functions, since the remaining analysis would suggest mild or no limitations. Without further explanation, I am unable to ascertain whether the ALJ truly believed Mr. Turner to have moderate difficulties in concentration, persistence, and pace, instead of mild, or no difficulties, and how those difficulties restrict his RFC to "unskilled work at or below reasoning level III" without further limitation. (Tr. 23-24). In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio*.

Mr. Turner makes the additional argument that the ALJ failed to properly evaluate pertinent evidence proffered by the consultative examiner, Dr. Miller. Specifically, Mr. Turner contends that although the ALJ assigned "great weight" to Dr. Miller's opinion, he "failed to include any limitations related to [Dr. Miller's] opinion[] in his [RFC] assessment." Pl. Mot. 6. To support his assertion, Mr. Turner cites Dr. Miller's opinion that he "had moderate limitations in the ability to...maintain attention and concentration for extended periods," "moderate restriction of activities of daily living, and moderate difficulties in maintaining social functioning," among other findings. *Id.* The ALJ concluded, however, that Mr. Turner had "moderate" limitations in "concentration, persistence or pace," and "mild" limitations in "activities of daily living" and "social functioning," which at least partially correspond with Dr. Miller's opinion. (Tr. 22-23).

Critically, Mr. Turner does not suggest any restrictions that, in his view, should have been included in the RFC assessment. Regardless, in this case, the ALJ properly evaluated Dr. Miller's opinion and assessed the RFC in light of the objective medical record.[1] Most significantly, the ALJ noted that Dr. Miller listed a "number of diagnostic impressions," but found that "there were no medical records available related to the alleged psychological symptoms." (Tr. 25). In addition, the ALJ cited statements made by Mr. Turner in his medical record to conclude that "the objective medical evidence, limited treatment sought, and activities of daily living and social functioning…does not support the degree of limitation alleged." (Tr. 24, 233-42). For example, regarding Mr. Turner's activities of daily living, the ALJ noted that "in the Function Report, [Mr. Turner] reported he prepares simple meals, watches television, listens to music, searches for employment on the computer, tends to his personal care, shops as needed, completes light household chores, drives a car, and manages his finances." (Tr. 22-23). Regarding his social functioning, the ALJ noted that Mr. Turner "[had] sufficient social functioning ability to maintain a romantic relationship, have meals with friends and/or family on

[1] Although, as noted above, the ALJ erred with respect to Mr. Turner's moderate limitation in concentration, persistence or pace.

a regular basis, and respond well to figures of authority." (Tr. 23, 233-42). Commensurate with Dr. Miller's opinion and the objective medical evidence, the ALJ had adequate support for the conclusion that Mr. Turner had mild, as opposed to moderate, limitations in activities of daily living and social functioning. (Tr. 21). This Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Considering the entirety of the ALJ's RFC analysis, I find that the ALJ properly evaluated Dr. Miller's opinion.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge